IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR43 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| ANDREW E. JENNINGS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the objections, Filing No. 28, filed by the defendant to the report and recommendation of the magistrate, Filing No. 25. The magistrate recommended that defendant's motion to suppress, Filing No. 12, be denied. The defendant is charged with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendation to which the parties object. Accordingly, the court has reviewed the record, exhibits and briefs, including the transcript of the hearing, Filing No. 19, and the relevant case law. The court concludes that the defendant's objections should be overruled and that the report and recommendation of the magistrate should be adopted.

      While patrolling the northeast area of Omaha, officers received a dispatch that there had been an attempted home invasion/robbery. The dispatcher indicated that the perpetrators were driving a white vehicle with dark tinted windows and that at least one of the suspects had a gun. Immediately thereafter, Officer Joseph Wherry saw a white vehicle matching the description given by the dispatcher. Officer Wherry radioed to Officer Schroeder, who had responded to the house invasion call, with this information. Officer

Schroder told Officer Wherry to stop the vehicle. Officer Wherry followed the vehicle until backup units arrived, at which time the stop occurred. The officers could not identify the occupants as the vehicle had tinted windows. The officers pulled the vehicle over, asked the front seat occupants to exit, and initially handcuffed both occupants. The male occupant, the defendant in this case, told the officers that his five-year-old son was still in the vehicle. The officers approached the vehicle, opened the door, and then asked the son to exit the car. While opening the car door and awaiting for the son to exit, the officers smelled marijuana both in the car and on the persons of both occupants. The female passenger, Princess Johnson, volunteered that she had smoked marijuana earlier. The officers then began to search the car for marijuana. During the search an officer arrived with the persons who called in the initial home invasion. They indicated to the officers that these were not the same assailants. The officers then released the defendant and Johnson. The officers continued to search for the marijuana. They found a loose hatch to a standard utility compartment near the rear wheel well on the inside of the vehicle. They pulled it off and found a Crown Royal bag which they opened. Inside they found crack cocaine and underneath a handgun. Defendant then volunteered that gun was not loaded.

      Defendant argues that the search and statement must be suppressed. The court disagrees with the defendant and concurs with the magistrate. All parties agree that the police officers had a right to initially pull over the vehicle. The court finds the officers had reasonable suspicion of criminal activity. *United States v. Briley,* 319 F.3d 360, 364 (8th Cir. 2003). The description of a car that had just left the scene of a felony met the description of the car stopped by the police. Thereafter, the defendant indicated that his

2

five-year-old son was in the car. The officers were entitled to check on the child and to assure no others were in the vehicle for officer safety purposes. Once they opened the door, they smelled marijuana. They had a right, based on probable cause, to search for the marijuana. *United States v. Winters*, 221 F.3d 1039, 1042 (8th Cir. 2000). The officers then located crack cocaine and a handgun. Thereafter, the defendant volunteered a statement concerning the gun not having any bullets. The officers had not asked defendant any questions nor had they exhibited any behavior designed to elicit statements from the defendant. A spontaneous statement is not protected by *Miranda v. Arizona*, 384 U.S. 436 (1966). *Butzin v. Wood*, 886 F.2d 1016, 1018 (8th Cir. 1989). Accordingly, the court finds that there existed reasonable suspicion to stop the vehicle in the first instance, probable cause to search the vehicle, and no basis for excluding the statement made by the defendant in reference to the gun.

THEREFORE, IT IS ORDERED:

1. The objections to the magistrate's report and recommendation, Filing No. 28, are overruled.

2. The defendant's motion to suppress, Filing No. 12, is denied.

3. The report and recommendation of the magistrate, Filing No. 28, is adopted in its entirety.

DATED this 7th day of July, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge